JAMES P. BLACKWELL AND WIFE *vs.* ELLINGTON SEARLES, ADM'R, AND OTHERS.

SUSAN SEARLES, ADM'X, *vs.* ELLINGTON SEARLES, GUARDIAN, AND OTHERS.

The Supreme Court will not reverse the concurring judgment of the Master and Chancellor upon a question of fact, except on clear and overbearing evidence.

The evidence reviewed, and held to sustain the conclusion below.

### BEFORE CARROLL, CH., AT EDGEFIELD, JUNE, 1868.

These cases came before the Court on appeals from the decrees of His Honor, the Circuit Chancellor, overruling exceptions which had been taken to reports of the Commissioner upon questions of fact merely. The case first stated was against the defendant, as administrator of Pleasant Searles, deceased, who, in his lifetime, was guardian of the female plaintiff; and the second case was against the defendant, as guardian of James R. Searles, deceased. The questions arose on taking the accounts of the guardians.

*Abney & Wright,* for appellants.

*Bacon,* contra.

May 6, 1869.   The opinion of the Court was delivered by

MOSES, C. J.   If the appellant in the respective cases fails to sustain the first of his grounds of appeal, the consideration of those which follow will be rendered entirely unnecessary.

The guardian in the one case, who is himself the representative of the guardian in the other, insists that the whole estate of the several wards was invested in negro property, and, upon this assumption, he asks that they be relieved from all liability to account, as the results of emancipation threw the loss upon the infants.

Unless he can satisfactorily establish the allegation, that the estate of the wards in their hands did consist of such property, the consequences of emancipation need not be considered.

A liability to account is resisted because it is averred that, without fault on the part of the guardians, the property of their

wards has been lost. To sustain the claim to exemption it is incumbent on them first to shew that the estate of the wards did consist of such property. That was a single question of fact, and the judgment of the Chancellor and Commissioner both concur in solving it against them.

Ordinarily, that alone would be sufficient cause to stay the interposition of this Court. In *Lyles* vs. *Lyles*, 1 Hill Ch., 76, it was held that, in doubtful questions of evidence, the Court will not interfere with the decision of the Master and Chancellor. We have, at this term, held, in the case of *Austin & Kinsman,* that the testimony, to reverse the judgment of the Master and Chancellor, on a question of fact, must be clear and overbearing.

The examination which we have given to this case leaves us without doubt as to the issue of fact upon which the decision must rest.

Ellington Searles, himself, in his testimony, does not aver that, at the sale of Richard Searles' estate, he and Pleasant Searles, the respective guardians, purchased the negroes *for* the children, but that he bought, intending, when James R. (the ward) came of age, to let him have them; and that the same understanding prevailed with his father, Pleasant Searles, the guardian of the other minors, as to the negroes he purchased; and that he (Ellington) received his own note in payment of the share of the said James R. Did the title thus vest in the wards or the guardians? Could the wards, when of age, be compelled to accept them as their estate? Concede that, if the title was in them, they would not object, it is not inappropriate, when the investment is charged to have been made on account of the estate of the wards, to inquire who had the legal title. The very expression of an intent to let the children have them when they arrived at age, admits that the title on the purchase was not vested in the children. The purchase of negroes by Ellington Searles, at the sale of the estate of Richard Searles, amounted to $5,420, and by Pleasant Searles, to $5,541, and yet the receipt to the administrator was for $2,317.76, in full of the distributive share of James R., the minor, in the estate of his father, received as guardian, and of the second (Pleasant) for $4,538.34, expressed in the same language, as guardian for Martha and Josephine. Who held the interest in the negroes for the excess of the prices at which they sold beyond the sums expressed in the receipts as the full distributive share of the respective children? Who but the purchasers could have such interest?

There is one fact, however, which is so inconsistent with the position assumed by the said ground of appeal that it defies explanation.

If the negroes, bid off at the sale of the estate of Richard Searles, by or at the instance of Pleasant Searles, were bought for the children, and this with the knowledge of Ellington Searles, with what pretence of right could he, as administrator of Pleasant Searles, sell, as part of his intestate's estate, the very negroes, and purchase them, as he says, to carry out the arrangement which had existed between Pleasant and himself, at the time of the sale of the estate of Richard Searles? What change, as to the title in favor of the children, was to be effected by the operation? If they were the property of the female wards, how could he, as administrator of Pleasant, their guardian, undertake to sell them, as of the estate of his intestate? Did he regard it necessary to change the title by what could be, in that view, nothing but an idle ceremony? If so, it is in strange inconsistency with the position he now assumes to free him from liability.

When, too, it is remembered that the returns of the guardians to the Commissioner do not refer to any negroes as held by them for the wards, or any receipt for hire therefor, and that the arrangement was never known to any member of the family, so far from the question being reduced to one of doubt, a just consideration of the facts can lead but to one conclusion.

It would be most prejudicial to minors, if they were to be held bound by any understanding, on the part of a guardian, which could be turned to his advantage and their wrong, at his mere option. This Court would favor no such pretension.

The motion in each case is dismissed.

*Willard*, A. J., concurred.